## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WYNDE COLLINS on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § | |
| | § | CIVIL ACTION NO. : _____ |
| Plaintiff, | § § | COLLECTIVE ACTION AND CLASS ACTION COMPLAINT |
| V. | § § | JURY TRIAL DEMANDED |
| PHILIPS NORTH AMERICA, LLC, | § § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION
### AND CLASS ACTION COMPLAINT & JURY DEMAND

### SUMMARY

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA") and the common law of Georgia law for breach of contract, quantum meruit and unjust enrichment against Defendant Philips North America, LLC ("Defendant").  Defendant instituted company-wide policies that failed to pay the Plaintiff and the Class Members for all hours worked.  As a result of not paying for all hours worked, Defendant owes the Plaintiff and the Class Members substantial wages.

2.      In particular, Defendant failed to pay Plaintiff for all compensable pre-shift work that she performed each day.  Additionally, in December 2021, Defendant's time-keeping software (Kronos) experienced a ransomware attack, which caused a mass outage of the time-keeping system utilized by Defendant.  As a result, Defendant failed to pay Plaintiff for all hours she worked and merely paid her an estimated number of hours that was less than the actual hours she worked.

3.     Defendant's compensation policies and practices violate the FLSA which requires non-exempt employees to be compensated at one and one-half times their regular rates of pay for each hour worked over forty (40) per week. *See* 29 U.S.C. § 207(a).  Defendant's policies also violate the common law of Georgia for each week in which Plaintiff worked less than 40 hours.

4.     Plaintiff brings this collective action to recover unpaid overtime wages owed to her individually and on behalf of all similarly situated workers during the three-year period prior to the filing of this Complaint.

5.     Plaintiff also brings claims for breach of contract, quantum meruit and unjust enrichment on behalf of all current and former customer service agents of Defendant who worked at any time during the six-year period prior to the filing of this Complaint in Georgia. Plaintiff brings these claims as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure.

## SUBJECT MATTER JURISDICTION AND VENUE

6.     This court has federal question jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7.     Subject matter jurisdiction is also appropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the amount in controversy, exclusive of interest and costs, exceeds $5,000,000 and members of the proposed classes, as defined below, including Plaintiff, are citizens of a different state than Defendant.

8.     Further, this Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex

issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant maintains its headquarters and principal place of business in this District.  Further, the decision to pay the Plaintiff and Class Members in the illegal manner described in this Complaint was made in this District.

**PARTIES AND PERSONAL JURISDICTION**

10.      Plaintiff Collins is an individual residing in Georgia.  Her written consent to this action is attached hereto as Exhibit "A."

11.      The FLSA Kronos Class Members are all of Defendant's current and former hourly paid employees who worked for Defendant following the Kronos ransomware attack on or about December 11, 2021.

12.      The FLSA Pre-Shift Class Members are all of Defendant's current and former customer service agents, and all employees in substantially similar positions, who worked for Defendant during the three year period prior to the filing of this Complaint to the present.

13.      The Georgia Class Members are all of Defendant's current and former customer service agents, and all employees in substantially similar positions, who worked less than 40 hours in at least one week in Georgia during the six-year period prior to the filing of this Complaint to the present.

14.      The FLSA Kronos Class Members, the FLSA Pre-Shift Class Members, and the Georgia Class Members shall be collectively referred to as the "Class Members."

15.     Defendant Philips North America, LLC is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141. Said Defendant can be served with process by serving its registered agent the Corporation Service Company at Corporation Service Company at 84 State St., Boston, MA 02109.

16.     This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of Massachusetts. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.  The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

17.     Specifically, Defendant employs residents of Massachusetts, owns property in Massachusetts, contracts with companies in Massachusetts, and conducts business in Massachusetts.  Further, the causes of action in this Complaint arise from decisions made by Defendant in Massachusetts.  Those policy decisions harmed Plaintiff and the Class Members.

## **COVERAGE**

18.     At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

19.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

20.     At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

4

21.     At all material times, Plaintiff and the Class Member were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.


### FACTS

22.     Defendant operates a healthcare and consumer technology company that manufactures and sells various consumer, medical and healthcare devices. (*See* https://www.usa.philips.com/, last visited March 11, 2022).   For example, Defendant manufactures and sells consumer products, like electric toothbrushes and razors. (*Id*.)  Defendant also manufactures and sells household products, like kitchen appliances and cooking accessories. (*Id.*)  Defendant also manufactures various medical devices. (*Id*.)   Given the amount of products that Defendant manufactures and sells, Defendant receives thousands of calls per day from individuals who have purchased Defendant's products.

### PRE-SHIFT WORK CONDUCTED BY CUSTOMER SERVICE REPRESENTATIVES

23.     To respond to these inquiries, Defendant employs customer service representatives.  The primary duty of a customer service representative is to respond to customer inquiries, to communicate with customers, and to answer general questions.

24.     Plaintiff has worked as a customer service representative for Defendant since September 2020.  She primarily handles telephone calls from medical providers who have questions about the medical equipment manufactured by Defendant.  As part of her daily duties, she creates claim forms when various medical equipment needs repairs, answers questions, and directs the claim forms to other works so that any necessary repairs can be made.

25.     She is paid $24.00 per hour and works a schedule that is 12:30 pm to 9 pm on Sunday through Thursday.

26.     Like Plaintiff, Defendant has paid the FLSA Pre-Shift Class Members and the Georgia Class Members on an hourly basis.

27.     Plaintiff and the FLSA Pre-Shift Class Members and the Georgia Class Members are not exempt from overtime.

28.     Prior to starting their shifts each day, Defendant's customer service representatives are required to turn on a computer provided by Defendant and log into that computer.  Defendant expects and requires its customer service representatives to begin working at least 15 minutes prior to the start of their shifts to log into the computer system and open all computer programs needed to perform their work.

29.     At times, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members spent approximately 15 to 30 minutes each day performing pre-shift activities without pay.

30.     First, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members were required to log in to Defendant's computer system.  Defendant did not compensate for this time.

31.     Next, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members were required to open and activate a series of programs in the order required by Defendant.

32.     The programs that needed to be activated included the following:

    a.   VPN

      b.  I3

      c.  Sales Force

      d.  One Source

      e.  Interaction desktop

      f.  Outlook

      g.  Excel with a template created by Defendant

      h.  Teams

      i.  Sales Force

33.     The final program was the time tracking system which allowed the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members to clock in for time keeping purposes. As soon as they were clocked in, they were available to receive calls and they began receiving calls.

34.     Defendant required the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members to be logged into all of their programs and ready to field calls by the time their scheduled shifts began.  Thus, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members were required to perform this necessary preliminary work prior to the start of their shifts.

35.     These tasks were integral and indispensable to their primary duty because without performing these tasks, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members could not perform their work.  The computer system and the computer programs were the tools without which Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members could not do their jobs for Defendant.

36.     To ensure that its customer service representatives were clocked in by the time their scheduled shifts began, Defendant ran productivity reports on the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members to identify those employees who were not logged in at the appropriate time.  The Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members were subject to discipline if they were not logged in and taking calls at their assigned time.   To avoid being disciplined, the Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members were instructed to login and activate all programs prior to the start of their shifts.  Again, however, they were not paid for all of this compensable pre-shift work.

37.     By not paying for all time worked, Defendant violated the law.  The Plaintiff, the FLSA Pre-Shift Class Members, and the Georgia Class Members are owed substantial wages for the time spent working each week that went unpaid.

## INCORRECT CALCULATION OF OVERTIME

38.     Moreover, Defendant issued bonuses to the Plaintiff and the FLSA Pre-Shift Class Members for meeting pre-set targets established by Defendant.  However, these bonuses were not factored into their regular rates of pay for purposes of paying overtime.  As a result, the overtime wages that Defendant paid was less than the law requires.

39.     The bonuses should have been factored into the regular rate of pay because the bonuses were non-discretionary. 29 C.F.R. § 778.207.  Non-discretionary bonuses include those that are designed to encourage employees to work more steadily, rapidly, or efficiently. *Id*. Few bonuses are discretionary under the FLSA. *See* 29 C.F.R. 778.200; 778.208; 778.209.

40.     29 C.F.R. § 788.211 provides that if there is a prior agreement or notice in advance about the ability to earn the bonus, then the bonus is non-discretionary:

> In order for a bonus to qualify for exclusion as a discretionary bonus under section 7(e)(3)(a) the employer must retain discretion **both as to the fact of payment** and as to the **amount until a time quite close to the end of the period for which the bonus is paid**. The sum, if any, to be paid as a bonus is determined by the employer **without prior promise or agreement**. The employee has no contract right, express or implied, to any amount. If the employer promises in advance to pay a bonus, he has abandoned his discretion with regard to it. **Thus, if an employer announces to his employees in January that he intends to pay them a bonus in June, he has thereby abandoned his discretion regarding the fact of payment by promising a bonus to his employees**.

29 C.F.R. § 788.211 (emphasis added).

41.     Bonuses that are intended to encourage the employee to work harder and serve as a reward for performance are non-discretionary bonuses.  In such situations, the bonuses should be included in the regular rate of pay.  *See* 29 C.F.R. § 778.212(b) ("If it is measured by hours worked, production, or efficiency, the payment is geared to wages and hours during the bonus period and is no longer to be considered as in the nature of a gift.").  The federal regulations provide several examples of bonuses that must be included in the regular rate of pay:

> Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing employment until the time the payment is to be made and the like are in this category.  They must be included in the regular rate of pay.

29 C.F.R. § 778.211(c).

42.     Here, the bonuses were non-discretionary because the Plaintiff and the FLSA Pre-Shift Class Members were told in advance that they would receive the bonus if certain requirements were met. Further, the bonuses were designed to encourage the Plaintiff and the

FLSA Pre-Shift Class Members to work harder and to serve as reward for their performance. Again, by not including the bonuses in the regular rate of pay, Defendant violated the law.

## KRONOS RANSOMWARE ATTACK

43.     Defendant utilizes the Kronos cloud based timekeeping system to track the amount of time worked by its hourly employees.  On or about December 11, 2021, the Kronos system suffered a ransomware attack, which caused a mass outage of Defendant's time keeping system. (*See, e.g., Kronos ransomware attack: what every entity should know and do*, by Reed Smith LLP (December 21, 2021).  This ransomware attack prevented Defendant from processing and paying Plaintiff and the FLSA Kronos Class Members for all hours that they worked.

44.     Defendant responded by instituting a policy of only paying Plaintiff and the FLSA Kronos Class Members for 40 hours each week, regardless of whether they worked 40 hours or more.  Defendant's pay policy was illegal on its face.  Under the FLSA, employers are required to pay for the actual hours worked by its employees.  Defendant's policy failed to do so.

45.     As a result, the Plaintiff and the FLSA Kronos Class Members were deprived of overtime pay when they worked more than 40 hours in a week.

46.     Below is an example of a pay record prior to December 11, 2021.

| Earnings | PP Date | Rate | Hours/Units | Amount | Year-To-Date |
|----------|---------|------|-------------|--------|--------------|
| Reg Time | 12/05 | 24.00 | 55.00 | 1,320.00 | 17,157.60 |
| OT 1.5 | 12/05 | 36.00 | 1.75 | 63.00 | 1,099.80 |
| OT 2.0 | | | | | 192.00 |
| Holiday | 12/05 | 24.00 | 16.00 | 384.00 | 768.00 |
| Vacation | 12/05 | 24.00 | 8.00 | 192.00 | 564.00 |
| Sick pay | | | | | 707.28 |
| Gross Pay | | | | 1,959.00 | 20,488.68 |

47.     After December 11, Defendant began illegally paying for just 40 hours each week.  Below is an example of a pay record after December 11, 2021.

| Earnings | PP Date | Rate | Hours/Units | Amount | Year-To-Date |
|----------|---------|------|-------------|--------|--------------|
| Reg Time | 01/16 | 24.00 | 80.00 | 1,920.00 | 3,840.00 |
| Gross Pay | | | | 1,920.00 | 3,840.00 |

48.     Plaintiff regularly worked more than 40 hours in a week.  In fact, she was scheduled to work more than 40 hours.  Yet, she was only paid for 40 hours of work.  Plaintiff submitted her time records to Defendant, but Defendant did not pay her or any of the FLSA Kronos Class Members based upon the actual time that they worked.

49.     Employees of Defendant repeatedly complained to Defendant about this illegal pay policy.  Yet, Defendant took no efforts to resolve it.

50.     Consequently, Plaintiff and the FLSA Kronos Class Members are owed significant unpaid wages.   Defendant has denied timely compensation, including without limitation the payment of overtime wages to Plaintiff and the FLSA Kronos Class Members.

51.     Defendant's actions violated and continue to violate the FLSA and its implementing regulations.  Defendant knew the requirement to pay for all hours worked and to pay overtime wages but intentionally and/or recklessly chose to disregard the law. Defendant operates a multinational company with a sophisticated legal team and legal department. Defendant knew the requirements to pay overtime for all hours worked and knew that it was required to include the bonus payments in the regular rate of pay.  Defendant made the decision not to do so in violation of the law.

## COUNT I
## OVERTIME VIOLATION
### (Collective Action on Behalf of the FLSA Pre-Shift and Kronos Class Members)

52.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

53.     Defendant's practice of failing to pay Plaintiff and the FLSA Class Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law.  *See* 29 U.S.C. § 207.

54.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendant, Plaintiff, or the FLSA Class Members.

55.     Due to its violations of the FLSA, Defendant is liable to Plaintiff and the FLSA Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## COUNT II
## FAILURE TO MAKE TIMELY PAYMENT VIOLATION
### (Collective Action on Behalf of the FLSA Kronos Class Members)

56.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

57.     "Overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." 29 C.F.R. § 778.106.

58.     A cause of action under the FLSA for unpaid overtime compensation and for liquidated damages "accrues" when the employer fails to pay the required compensation for any workweek at the regular payday for the period in which the workweek ends. 29 C.F.R. § 790.21(b).

59.     Untimely payment of wages required by the FLSA is a violation even if timely payment is eventually made. *See also* 29 U.S.C. § 516.

60.     Plaintiff and the FLSA Kronos Class Members are entitled to be paid full compensation for all hours worked on their regular payday, including their overtime wages.

61.     As detailed above, following the Kronos ransomware attack, Defendant implemented an illegal policy of only paying for 40 hours of work.  Yet, Defendant knew that its employees were scheduled to work more than 40 hours per week and did, in fact, work more than 40 hours per week.

62.     Defendant has not paid Plaintiff and the FLSA Kronos Class Members all wages due to them.  It was possible to determine the overtime compensation owed to Plaintiff and the FLSA Kronos Class Members, however, Defendant made no attempt to calculate the correct amount wages due.  As a result, Defendant failed to pay the wages that were due and violated the law. *See, e.g., Souryavong v. Lackawanna Cty*., No. Civ. A. 3:13-1534, 2015 WL 3409472, at *7 (M.D. Pa. May 27, 2015) (holding that employer's reliance on computerized payroll software

which an error that did not pay overtime wages did not excuse the employer from liability for failing to pay overtime wages).

63.     Defendant's actions violated and continue to violate the FLSA and its implementing regulations.

64.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendant, Plaintiff, or the FLSA Class Members.

65.     Due to its violations of the FLSA, Defendant is liable to Plaintiff and the FLSA Class Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

## COLLECTIVE ACTION ALLEGATIONS

66.     Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff has actual knowledge, through conversations with and personal observation of other employees, that a class of similarly situated workers exists who have been denied pay and who have been subjected to the same illegal pay practices described above.

67.     The FLSA Class Members are similarly situated to Plaintiff in that they share the same duties, were paid on an hourly basis, and were subject to Defendant's policies of not paying for all hours worked and not being paid at the rate of time and one half for all hours worked over 40 in a workweek.

68.     Defendant used the same compensation and computer software regardless of the supervisor of a particular FLSA Class Member.

69.     The names and address of the FLSA Class Members are available from Defendant's records.  The FLSA Class Members should be allowed to receive notice via First

Class Mail, email, via text and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

70.     Although the exact amount of damages may vary among individual FLSA Class Members, the damages for each individual can be easily calculated using a simple formula.

71.     The class of similarly situated **FLSA Kronos Class Members** is defined as follows:

> All of Defendant's current and former hourly paid employees who worked for Defendant following the Kronos ransomware attack in or about December 11, 2021.

72.     The class of similarly situated **FLSA Pre-Shift Class Members** is defined as follows:

> All of Defendant's current and former customer service agents, and all employees in substantially similar positions, who worked for Defendant during the three year period prior to the filing of this Complaint to the present.

73.     Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## COUNT III
### Violation of Georgia Law
### Breach of Contract
### (Class Action on Behalf of the Georgia Class Members)

74.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

75.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute a Georgia state law claim for breach of contract as a class action against Defendant.

76.     Defendant entered into valid and enforceable contracts to pay the Plaintiff and Georgia Class Members for all hours worked.

77.     The Plaintiff and Georgia Class Members were to be paid the specified rate identified on their pay records for each hour worked.

78.     The Plaintiff and Georgia Class Members performed work on behalf of Defendant as agreed, but Defendant failed to pay the wages it was required to pay as a result of the policies identified above.

79.     Defendant had both actual and constructive knowledge that the Plaintiff and Georgia Class Members performed work without pay.

80.     The Plaintiff and Georgia Class Members performed the work at Defendant's direction and for Defendant's benefit.

81.     Consequently, Defendant is liable to the Plaintiff and Class Members.

**COUNT IV**
**Violation of Georgia Law**
**Quantum Meruit**
**(Class Action on Behalf of the Georgia Class Members)**

82.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

83.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute a Georgia state law claim for quantum meruit as a class action against Defendant.

84.     Plaintiff asserts that she and each Georgia Class Member provided valuable services to Defendant, that Defendant accepted those services, and that Defendant had reasonable notice that Plaintiff and the Georgia Class Members expected to be compensated for their services furnished to Defendant.

85.     The reasonable value of the services provided but not paid for by Defendant with respect to this Rule 23 claim is the difference between the number of hours Plaintiff and the Georgia Class Members were paid in non-overtime weeks and the number of hours they actually worked, multiplied by each Plaintiff's/Class Member's then-applicable hourly rate as identified on their pay records.  Alternatively, the reasonable value of the service provided but not paid for by Defendant is the average hourly rate for similar employees in Georgia.  However, in no event is the reasonable value of the services provided but not paid for by Defendant less than the applicable minimum wage rate in Georgia for each hour worked.

**COUNT V**
**Violation of Georgia Law**
**Unjust Enrichment**
**(Class Action on Behalf of the Georgia Class Members)**

86.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

87.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and pursuant to 28 U.S.C. § 1367, or alternatively CAFA, Plaintiff seeks to prosecute a Georgia state law claim for unjust enrichment as a class action against Defendant.

88.     Defendant has been unjustly enriched at the expense of Plaintiff and the Georgia Class Members by failing to pay for work performed by Plaintiff and the Georgia Class Members.

89.     Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Georgia Class Members, despite its policy and practice of failing to pay Plaintiff and the Georgia Class Members for such work.  In particular, Defendant received the benefit of the labor and services provided by Plaintiff and the Georgia Class Members.

90.     Such conduct demonstrates bad faith and undue advantage on the part of Defendant.

91.     It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and the Georgia Class Members in non-overtime weeks.

**RULE 23 CLASS ACTION ALLEGATIONS**

92.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

93.     Plaintiff brings her claims for breach of contract, quantum meruit and unjust enrichment as a Rule 23 class action on behalf of the following class:

> All current and former customer service agents, and all employees in substantially similar positions, who worked less than 40 hours in at least one week in Georgia during the six-year period prior to the filing of this Complaint to the present.

94.     Although Plaintiff does not know the precise number of members of the proposed Class, Plaintiff believes there are more than 1,000 members.

95.     The members of the Class are so numerous that their individual joinder is impractical.

96.     The identities of the members of the Georgia Class are readily discernible from Defendant's records.

97.    Plaintiff and the proposed Georgia Class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

98.    Common questions of law and fact exist to all members of the Class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

(a) Whether Plaintiff and the Georgia Class Members worked hours for which they were not paid;

(b) Whether Plaintiff and the Georgia Class Members were denied wages in the weeks when they worked less than 40 hours;

(c) Whether Plaintiff and the Georgia Class Members were entitled to compensation for their pre-shift work;

(d) Whether Defendant implemented policies that systematically deprived hourly employees of compensation for their actual time worked;

(e) Whether Defendant knowingly directed and/or permitted Plaintiff and the Georgia Class Members to perform work for the benefit of Defendant without pay;

(f) Whether Defendant received and accepted valuable services from the Plaintiff and Georgia Class Members while knowing that the Plaintiff and Georgia Class Members expected to be compensated for those services;

(g)  Whether Defendant were unjustly enriched by holding money which in equity and good conscience belonged to the Plaintiff and Georgia Class Members; and,

(h)   Whether Defendant is liable for the damages claimed hereunder, including but not limited, the Plaintiff's and Georgia Class Members' actual damages, attorneys' fees, and costs.

99.     These and other common questions of law and fact, which are common to the members of the Class, predominate over any individual questions affecting only individual members of the Class.

100.    Plaintiff's claims are typical of the claims of the Class because Plaintiff was not paid wages in accordance with Georgia law and because Defendant unlawfully retained compensation that in equity belongs to her, just as was done with respect to the Georgia Class Members.

101.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class that she seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

102.    The class action under Georgia state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Georgia Class Members. The injuries suffered by each individual Class Member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them; even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents the

possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

103.    Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

104.    For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class Members awarding them:

    a.    All unpaid wages;

    b.    Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

    c.    For the FLSA Class Members, an equal amount of their unpaid wages as liquidated damages, as allowed under the FLSA;

    d.    Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and Georgia law; and

    e.    Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,


By:  */s/ Arnold Lizana, III*
      Arnold. J. Lizana, III
      BBO No. 646161
      Law Office of Arnold J. Lizana III, P.C.

1350 Main Street Suite 302
Springfield, MA 01103
alizana@attorneylizana.com
Telephone: (877) 443-0999
Facsimile: (470) 231-0672

AND

Taft L. Foley, II
(will apply for admission *pro hac vice*)
The Foley Law Firm
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

AND

Don J. Foty
(will apply for admission *pro hac vice*)
Hodges & Foty, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

**ATTORNEYS FOR PLAINTIFF
AND CLASS MEMBERS**